UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

|  |  |  |
|---|---|---|
| | | CIV. 16-4097 |
| TRAVIS HOSTLER, | : | |
| Plaintiff, | : | |
| vs. | : | ANSWER |
| RAIN AND HAIL, LLC and RAIN AND HAIL INSURANCE SERVICE, INC., | : | |
| | : | |
| Defendants. | | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Defendants Rain and Hail, LLC and Rain and Hail Insurance Service, Inc., for their Answer to Plaintiff's Complaint, states and alleges as follows:

FIRST DEFENSE

1.     Said Complaint fails to state a claim or a cause of action against Defendants upon which relief can be granted.

2.     Defendant Rain and Hail Insurance Services Inc. is not a proper party to this action.

SECOND DEFENSE

3.     Defendants deny each and every allegation, matter and thing contained in said Complaint except such as are hereinafter specifically admitted or qualified.

4.     Defendants admit paragraphs 1 through 5 of Plaintiff's Complaint.

Civ. 16-4097
Answer

5.     Paragraphs 6 and 7 of Plaintiff's Complaint are legal conclusions to which no response is required.

6.     Defendants admit paragraphs 9 through 16 and 18 through 21 of Plaintiff's Complaint.

7.     Defendants are without sufficient information to admit or deny Plaintiff's allegation in paragraphs 22, 24 and 27 of Plaintiff's Complaint.

8.     Defendants admit paragraphs 23, 25, 26 and 29 of Plaintiff's Complaint.

9.     Defendants admit paragraphs 32 through 37, 39, 40 and 42 through 60 of Plaintiff's Complaint.

10.     In regard to paragraphs 38 and 41 of Plaintiff's Complaint Defendants admit that Plaintiff has cited incomplete excerpts from the manuals.

11.     Defendants admit Plaintiff told the adjusters he planned to harvest the remaining strips.

12.     Defendants are without sufficient information to admit or deny the allegations in paragraphs 53, 54 and  61 of Plaintiff's Complaint.

13.     Defendants admit paragraphs 62 through 69 of Plaintiff's Complaint.

14.     Defendants admit that Plaintiff Hostler testified that the adjuster's vehicle smelled like alcohol and so he asked Durr to request a beer from the adjusters.

15.     Defendants admit paragraphs 71 through 74 of Plaintiff's Complaint.

2

Civ. 16-4097
Answer

16.     Defendants admit Thybo and Kymala discussed the measurement of Plaintiff's Hostler's RSAs on November 26, 1013.

17.     Defendants admit that Plaintiff Hostler so testified at the arbitration consistent with the allegations in paragraphs 76 through 80 of Plaintiff's Complaint.

18.     Defendants admit that Plaintiff submitted claims for the other counties that he farmed in South Dakota in December of 2013 and such claims were paid in February of 2014.

19.     Defendants admit paragraphs 84 through 86 are consistent with the evidence presented at the arbitration.

20.     Defendants admit that there were differences in the Defendants' appraisal of Plaintiff Hostler's fields and the harvested production data that Plaintiff Hostler presented at arbitration.

21.     Defendants admit that Thybo and Kymala cited the local deer population as an explanation in the difference in numbers.

22.     Defendants admit that paragraphs 89, 90, 91 and 92 are consistent with evidence presented by Plaintiff at the arbitration.

23.     Defendants admit paragraphs 93 through 103 of Plaintiff's Complaint.

24.     Defendants admit that paragraph 104 of Plaintiff's Complaint is an accurate but incomplete recitation of the arbitrator's conclusions of law.

3

Civ. 16-4097
Answer

25.     Defendants admit that Rain and Hail, LLC paid $25,275 on Plaintiff's crop insurance claim prior to arbitration and the arbitrator awarded a total crop insurance indemnity payment of $70,174.35, plus interest.

26.     Defendants admit paragraph 107 of Plaintiff's Complaint.

27.     Defendants are without sufficient information to admit or deny the allegations in paragraphs 108 through 114 and 116 of Plaintiff's Complaint.

28.     Defendants admit paragraphs 115 of Plaintiff's Complaint.

29.     Defendants are without sufficient information to admit or deny the allegations in paragraphs 117 through 122 of Plaintiff's Complaint.

30.     Defendant admits paragraph 123 of Plaintiff's Complaint.

31.     Defendants admit that Kluge took over as claims supervisor of the claim for Mathis.

32.     Plaintiff's allegations in paragraphs 126, 129, 130, 131, 132, 133, 147, 153, 156, 161 and 167 are legal conclusions to which no response is required.

33.     Defendants admit paragraph 142 of Plaintiff's Complaint.

34.     Plaintiff Hostler knew or should have known that not all of the acres he attempted to insure as irrigated corn could be insured as irrigated corn.

35.     Plaintiff Hostler claimed 67.4 acres as irrigated corn, which were not irrigatable acres under the Irrigation District Rules and Policies.

4

Civ. 16-4097
Answer

36.     Prior to Plaintiff's Hostler asserting his claim for irrigated corn a representative of the irrigation district showed Hostler the property that he was authorized to irrigate as distinguished from his non-irrigatable property.

37.     Plaintiff Hostler's claim for irrigated corn was denied by the arbitrator.

38.     Defendants have fully complied with the terms and conditions of the insurance policy and have at all times acted in good faith.

39.     Plaintiff's claim for crop loss benefits was fairly debatable.

THIRD DEFENSE

40.     Plaintiff Hostler has failed to exhaust his administrative remedies barring recover.

41.     Plaintiff Hostler's claims are barred by arbitration and award.

42.     Defendants have paid Plaintiff Hostler the total award as determined by arbitration.

43.     Plaintiff Hostler's claims are barred by the doctrines of res judicata and collateral estoppel.

44.     Plaintiff's claims for damages are barred and preempted by Federal Law.

45.     Plaintiff Hostler's claim for punitive damages violates Defendants' due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and Article 6 Section 2 of the South Dakota Constitution.

Civ. 16-4097
Answer

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed upon the

merits and that Defendants have and recover their costs and disbursements herein.

Dated this 3rd day of August, 2016.

FULLER & WILLIAMSON, LLP

    /s/   William Fuller
William Fuller
7521 S. Louise Avenue
Sioux Falls, SD 57108
Phone 605-333-0003
Fax     605-333-0007
Email  bfuller@fullerandwilliamson.com
Attorneys for Defendant


DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES OF FACT.


**Certificate of Service**

I certify that on the 3rd day of August, 2016, I served via CM/ECF Filer, a true and

correct copy of the foregoing Answer upon:

    Scott R. Swier
    Michael A. Henderson
    202 N. Main Street
    Avon, SD 57315
    scott@swierlaw.com
    mike@swierlaw.com


    /s/   William Fuller
One of the Attorneys for Defendant

6